# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| United States of America<br>v.<br><br>Neil Brown<br>3200 Kingswood Drive<br>Grove City, Ohio 43123<br><br>*Defendant(s)* | )<br>)<br>) Case No. 2:25-mj-654<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **January 2025 - October 2025** in the county of **Franklin** in the **Southern** District of **Ohio**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 2252, 2252A | Distribution/Receipt/Transportation/Possession of Child Pornography |
| 18 U.S.C. § 1801 | Video Voyeurism |

This criminal complaint is based on these facts:

See the attached Affidavit of FBI SA Josh Saltar which is fully incorporated herein.

☑ Continued on the attached sheet.

Digitally signed by SALTAR.JOSH.A13U65E39
Date: 2025.11.19 15:44:14 -05'00'

*Complainant's signature*

FBI SA Josh Saltar
*Printed name and title*

Sworn to before me and signed in my presence.

Date: November 20, 2025



Kimberly A. Jolson
United States Magistrate Judge

City and state: Columbus, Ohio

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**In the matter of:** :

**United States of America** : Case No.: 2:25-mj-654
   v. :
**Neil Brown** :
**3200 Kingswood Drive** : Magistrate Judge:
**Grove City, Ohio 43123** :

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Josh Saltar (Your Affiant), a Special Agent (SA) with the Federal Bureau of Investigation (FBI), being first duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. I, Special Agent Josh Saltar (your affiant), make this affidavit in support of a criminal complaint to arrest for violations of 18 U.S.C. §§ 2252, 2252A: Distribution/Receipt/Possession of Child Pornography, and 18 U.S.C § 1801: Video Voyeurism. Since this affidavit is being submitted for the limited purpose of securing a criminal complaint and arrest warrant, your affiant did not include each and every fact known concerning this investigation. Your affiant did not withhold any information or evidence that would negate probable cause. Your affiant set forth only the facts that are believed to be necessary to establish probable cause that Neil Brown (BROWN) committed the violations listed above.

2. I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI) and have been since October 2014. I am currently assigned to the Child Exploitation and Human Trafficking Task Force, Cincinnati Division, Columbus Resident Agency. I am primarily responsible for investigating internet crimes against children, including child pornography offenses and the online exploitation of children. During my career as a SA, I have participated in various investigations involving computer-related offenses and have executed numerous search warrants, including those involving searches and seizures of computers, digital media, software, and electronically stored information. I have worked with multiple international law enforcement agencies around the world, focusing on cyber-terrorism and terrorist financing through computer intrusions. I have also assisted on various cases and violations, ranging from violent crimes against children and white collar to healthcare fraud, counterintelligence, and counterterrorism.

3. As part of my duties as a Special Agent, I investigate criminal violations relating to child exploitation and child pornography violations, including the illegal production, distribution, transmission, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2252, and 2252A. I have reviewed numerous examples of child

pornography (as defined in 18 U.S.C. § 2256) in all forms of media, including computer media. Prior to joining the FBI, I spent four years working as a civilian Intelligence Specialist for the U.S. Air Force at the National Air and Space Intelligence Center located at the Wright-Patterson Air Force Base, under both the cyber and counterspace squadrons, performing classified intel and reverse engineering duties. During my employment, I have received numerous forensic trainings with the both the Department of Defense and Department of Justice, as well as from private sector security conferences. I have received multiple certifications in Windows, mobile, and memory forensics, as well as incident response and penetration testing, and am certified by the Department of Justice as a Digital Extraction Technician. I received my B.A. from Anderson University in computer science, with a focus on programming, artificial intelligence, and machine learning.

4. As a SA with the FBI, I am authorized to investigate violations of the laws of the United States and to execute warrants issued under the authority of the United States.

## FACTS SUPPORTING PROBABLE CAUSE

5. On or about January 19, 2025, the National Center for Missing and Exploited Children (NCMEC) received CyberTipline Report #205023645 from Synchronoss Technologies, Inc. in reference to an incident that had occurred on or about January 16, 2025. The CyberTipline Report involved one video of child sexual abuse material (CSAM) being uploaded to a Synchronoss account. The video, titled "*b6825d738181*", which was approximately 10 seconds in length, depicted a fully nude prepubescent girl filming herself. In the video, the minor placed the recording device down and laid on her back exposing her vagina and anus to the camera.

6. The CyberTipline Report indicated that the video had been uploaded from IP address 76.224.5.198, which geo-located to Columbus, Oh 43215. The upload was also made by telephone number 937-536-8863 which resolved to a Verizon account holder.

7. Law enforcement served legal process to Synchronoss Technologies for the linked phone number 937-536-8863 and learned the following in responsive records:
    Name:           Neil Brown (**BROWN**)
    Address:        3200 Kingswood Drive, Grove City, Ohio
    Email:          nbrown@wylerinternet.com
    Email:          neilrbrown@ymail.com

8. Due to the location of the suspect information, this case was assigned to the Franklin County Sheriff's Office Internet Crimes Against Children (ICAC) Task Force. After receiving the case, law enforcement submitted a subpoena for the subscriber information related to IP Address 76.224.5.198. After receiving the subpoena return and through further investigation, law enforcement learned that the IP address subscriber was a co-worker of **BROWN.**

9. On or about September 8, 2025, law enforcement obtained a Franklin County search warrant to Synchronoss for the Synchronoss account associated with phone number 937-536-8863. Return records resulted in numerous "selfie" videos and photographs of **BROWN** along with an additional video file depicting CSAM.

10. Through investigation it was found that **BROWN** was employed by Cellular Sales and worked at multiple locations in and around Columbus, Ohio.

11. Also included in the returned data from Synchronoss were photographs and videos of what appeared to be **BROWN** in a bathroom taking photographs and videos on his phone of Cellular Sales customers' phones. In the recovered videos and photographs, **BROWN** appeared to be searching in at least three female customers' phones for any sexual content or nude files they had created and then capturing any photographs and videos he found on his own phone.

12. On or about September 25, 2025, law enforcement traveled to **BROWN**s place of employment and interviewed **BROWN**. After receiving his *Miranda* warnings, **BROWN** admitted to going through customers phones and taking photographs and videos of the customers personal photographs and videos. **BROWN** also admitted to downloading links from the messaging application Telegram and confirmed the links contained CSAM. At that point, **BROWN**'s phone, a black Samsung, was seized by law enforcement and he was initially arrested on one count of Pandering Obscenity Involving a Minor (F2) and one count of Pandering Obscenity Involving a Minor (F4) in violation of Ohio Revised Code.

13. Also on September 25, 2025, a Franklin County search warrant was obtained for **BROWN**'s cellular Samsung phone. A resulting forensic review of the phone revealed approximately 76 images and videos of child pornography and 59 images and videos of who appeared to be Cellular Sales customers.

14. For example, one of the videos recovered on **BROWN's** phone was titled "*1_4974354714759005387.mp4*" was approximately 7 minutes and 35 seconds in length. The video depicted a prepubescent girl who appeared to be filming herself in a bathroom undress to be fully nude and exposing her breasts, vagina and anus. The girl exposed her vagina and anus directly to the camera multiple times before dressing herself. This video was different than the video identified in the original CyberTipline report.

15. Another video, titled "*VID-20211207-WA0050.mp4*", which was approximately 1 minute and 24 seconds in length, depicted what appeared to be an age questionable female with a prepubescent boy, approximately seven to nine years of age, who appeared to be self-recording the video file. They were both fully clothed at the beginning of the video. The female then exposed her breasts to the camera and the boy placed his hand on her breasts. The female then pulled the waistband of her sweatpants away from her body and the prepubescent boy placed his hand inside her pants near her vagina. The video then showed

the female pulling the pants down of the boy, exposing his penis. The female then performed oral sex on the boy.

16. Upon further examining the contents of **BROWN's** phone, law enforcement was able to identify three adult female Cellular Sales customers whom **BROWN** had captured personal content of. On or about October 15, 2025, law enforcement met with one of the identified females, herein after Adult Victim One (AV1). AV1 was shown a sanitized photograph of herself that had been recovered on **BROWN's** device and confirmed it was her. Your affiant will note that the original image depicted AV1 fully nude in a bathroom taking a photo of herself in a mirror. AV1 also confirmed she did not give **BROWN** permission to go through her photographs nor take pictures of her photographs.

17. On or about October 15, 2025, law enforcement also met with Adult Victim Three (AV3) and showed her a sanitized image that had been recovered from **BROWN's** phone. AV3 confirmed it was her in the photograph and that she did not give **BROWN** permission to go through her photographs or content. Law enforcement discovered **BROWN** recorded numerous videos from AV3's cellular phone. For example, one of the videos depicted AV3 masturbating with a sexual device. In the video AV3 created, the camera was focused on her vagina. When **BROWN** recorded this video of AV3 using his own phone, **BROWN** could be seen turning the volume up on the AV3's phone to capture the audio of AV3's videos while she was masturbating.

18. The case was then referred to the FBI Columbus and assigned to your affiant. On or about November 14, 2025, your affiant reviewed the forensic extraction of **BROWN's** phone and identified the following conversation on the application Telegram between **BROWN** and Telegram User One (herein after TG1) beginning on June 4, 2025:

    **BROWN –**     Hello
    TG1 –           Hello my love

    TG1 distributed to **BROWN** an image titled -*59090175267111470063_121.jpg*, which depicted eight thumbnails for videos. Two of the thumbnails depicted an older prepubescent or young pubescent boy, nude from the waist down, and an age questionable girl with her face or hand on or near the boy's penis.
    TG1 – What is your opinion
    **BROWN –**     [heart emoji]
    **BROWN –**     Yes
    **BROWN –**     **What do I send to see the video?**
    TG1 –           My love, if there is a nice gift, I will send you the whole set.
    **BROWN –**     **I'm new to this. What's enough for a nice gift. I only have so much loaded in here.**

TG1 distributed an image titled -*5882212622932232431_109.jpg*, which depicted an image of a cartoon dolphin jumping out of the water.

TG1 –	There will be a wonderful selection of honey.
**BROWN –	Do I gift that here?**
TG1 –	My love, send it there in the chat

[AGENT NOTE – law enforcement learned **BROWN** was also talking with TG1 on a different application called BuzzCast, however the contents of their chats have not been recovered at this time.]

**BROWN –	Sent. Thanks**
TG1 –	Thanks my love
**BROWN – Very welcome. Thank you as well.**

TG1 distributed 13 videos which depicted an age questionable girl and a boy, approximately 7-10 years old, engaged in various sexual situations. The video titled *1_51477598360368588844.mp4*, for example, was approximately 31 minutes and 14 seconds in length, and depicted the girl and minor boy, clothed, laying on a bed. Throughout the video, the girl lifted her shirt, and the boy put his mouth and hands on her bare breasts and rubbed the girl's vagina over her clothing. Approximately 15 minutes into the video, the girl removed her clothing and masturbated, with the camera focused on her vagina.

TG1 –	My love, when you want more honey, tell me.
**BROWN –	I'm at work. But will def try to get more. Do I send another [dolphin emoji]?**
TG1 –	Yes, my love
TG1 –	For a new group

19. The conversation continued on or about June 11, 2025:
**BROWN –	Sending soon for nee group**
TG1 –	[winking emoji]
**BROWN –	Sent. Thanks**

TG1 distributed 10 videos which depicted the same girl and boy mentioned previously. The video titled *5_61862398711625117764.mp4*, which was 55 minutes and 59 seconds in length, depicted the girl clothed, in a bathroom. Throughout the first part of the video, the girl removed her top and exposed her breasts. At approximately 19 minutes, the video cut to the girl laying on a bed next to the minor boy and pulled her sports bra down to expose her breasts. At approximately 25 minutes into the video, the minor boy laid down on his back and the girl pulled his pants down to expose his penis. She began to perform oral sex on the boy. At approximately 33 minutes, the girl began to masturbate, with the camera focused on her vagina.

20. The conversation further continued into July and the following conversation was documented as occurring on or about July 7, 2025:
    **BROWN –     Hey hey. It's me from buzzcast**

    [TG1 distributed to **BROWN** seven videos which were not captured in the forensic extraction.]
    TG1 –       Do you like?
    **BROWN –   I like the first set best. A little older for me.**
    TG1 –       [thumbs up emoji]

    [TG1 distributed ten videos, most of which were not captured in the forensic extraction. One video, however, titled *1_4974354714759005387.mp4*, was approximately 4 minutes and 1 second in length, and depicted a fully nude pubescent girl, approximately 13-16 years old, clothed in a bathroom. The girl undressed to fully nude and moved in various poses to expose her nude vagina to the camera.

21. The conversation further continued and the communications taking place on or about September 8, 2025 were noted as followed:
    **BROWN –   Just sent the dolphin on buzz[1]**
    **BROWN –   [heart eyes emoji]**
    TG1 –       Hello my love
    [TG1 distributed 20 files that were not captured in the forensic extraction.]

22. Based upon the foregoing, your affiant submits that there is probable cause to believe that Neil BROWN has committed the violations of 18 U. S.C. §§ 2252, 2252A: Distribution/Receipt/Possession of Child Pornography, and 18 U.S.C § 1801: Video Voyeurism.  Therefore, your affiant respectfully requests this court issue a criminal complaint and arrest warrant.

Respectfully submitted,

*Josh Saltar*
Josh Saltar
Special Agent
Federal Bureau of Investigation

---

[1] Based off open-source research, your affiant believes that the "dolphin" is related to a form of virtual currency associated with the Buzzcast application. According to Buzzcast's Terms of Service (buzzcast.info/ServicesTerms, visited November 19, 2025), users can purchase virtual currency, including but not limited to virtual in-Service items, described as "Gifts". Gifts can be sent or transferred from one user to another within the Buzzcast application. Individuals who have Gifts are able to "be 'cashed-out' for actual currency" through PayPal. Additionally, your affiant identified a Buzzcast database on BROWN's device which provided the name of a Resource, believed to be the Gifts, and a specific price associated to each Gift.

Subscribed and sworn to before me on 20th day of November 2025



Kimberly A. Jolson
United States Magistrate Judge